# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

**HERITAGE COAL COMPANY, LLC;**
**PEABODY ENERGY CORPORATION**

      **PETITIONER**

**vs.**                                                             **No. 23-3329**

**WILLIAM ROSE**

**and**

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,**
**UNITED STATES DEPARTMENT OF LABOR**

      **RESPONDENTS.**


_____/


## MOTION FOR ATTORNEY'S FEES AND EXPENSES
## FOR WORK PERFORMED BEFORE THE UNITED STATES COURT OF
## APPEALS FOR THE SIXTH CIRCUIT


      Claimant's counsel, Austin P. Vowels, and Claimant, **William Rose**, by

counsel, under 20 C.F.R. sections 725.366 and 725.367, hereby move for a fee and

expense reimbursement order that compensates for work and expenses as follows:

| Summary of Charges | Hours | Charge | Agreed Upon Rates Charge |
|---|---|---|---|
| Attorney Austin P. Vowels | 5.5 | $1,787.50 | $1,650.00 |
| Paralegal Desire Smith | 0.25 | $41.25 | $36.25 |
| Legal Assistant Linda Totten | 0.5 | $55.00 | $50.00 |

1

| TOTAL | 6.25 | $1,883.75 | **$1,736.25** |
|---|---|---|---|

**The parties discussed the rates cited above and have agreed to a compromise on rates. This motion will still discuss the rates that would have been otherwise requested to provide the Court with a more than sufficient basis to award the agreed upon compromised rates.**

In support of this motion, Undersigned states as follows:

## I.   Relevant Law on Fees

20 C.F.R Section 725.366 allows for attorney's fees and expenses to claimants who have successfully pursued federal black lung claims. The fee should be reasonably commensurate with the necessary work done and shall consider the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of the proceeding to which the claim was raised, the level at which the representative entered to the pleading, and any other information relevant to the amount of fee requested. 20 C.F.R § 725.366(b). 20 C.F.R. Section 725.367 provides that the responsible operator or fund shall be responsible for such attorney's fees and litigation expenses.

Further, attorneys are entitled to fees for time spent litigating the fee issue because claimants have an interest in the fee issue and derive a benefit from such services. *Bardovinus v. Director*, OWCP, BRB No 88-1445 BLA (July 30, 1991) (unpub.). *See also Kerns v. Consolidation Coal Co.*, 247 F.3d 133 (4th Cir.

2001)(determining that fees for litigating petition are properly awarded). *See also Advent Mining LLC v. Davis*, 16-4049 (6th Cir. Dec. 21, 2017) (attached to original fee motion in this claim) (specifically awarding fees for having to litigate the fee issues in that claim).

**Here, Claimant and Claimant's counsel are requesting that the attorney fee be ordered to be paid by the Coal Company pursuant to its settlement agreement with the Black Lung Disability Trust Fund.** Or if it escapes that liability, by the Federal Black Lung Trust Fund. Attorney's fees are available from the Director/Black Lung Trust Fund in that situation under 20 C.F.R. §§ 725.366 and 725.367. Similarly, the Black Lung Deskbook indicates that if an employer meets its burden of proving insolvency, the Trust Fund assumes liability for payment of benefits, including attorney's fees. *See* U.S. Department of Labor, Black Lung Deskbook, Section XI. (f), available at http://www.dol.gov/brb/References/reference_works/bla/bldesk/BD11-A9F.HTM.

The Sixth Circuit, which has jurisdiction over this claim, has explained as follows with respect to rate selection:

> To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm but is rather the market rate in the venue sufficient to encourage competent representation.

*B&G Mining, Inc. v. Dir., OWCP*, 522 F.3d 657, 663 (6th Cir. 2008) (quotation marks and citations omitted). More recently, the Court has explained that "an agency adjudicator generally can look to previous awards in the relevant marketplace as a barometer for how much to award counsel in the immediate case." *Eastern Associated Coal Corp. v. Dir., OWCP*, 724 F.3d 561, 572 (6th Cir. 2013). "Evidence of fee awards in comparable cases is generally sufficient to establish the prevailing market rates in the relevant community." *Id.* "Courts may consider prior fees awards as evidence of the prevailing market rate, particularly where there are a relatively small number of comparable attorneys performing similar work." *Lance Coal Corp./Golden Oak Mining Co., Inc. v. Caudill*, 655 Fed. Appx. 261, 262 (6th Cir. 2016).

This motion and the statement below are a complete statement of the extent and character of the necessary work done.

## II.    QUALIFICATIONS OF REPRESENTATIVES

The Undersigned's firm provides federal black lung claimants with excellent representation, at least as good as all other the attorneys awarded in the fee orders cited below who have had fees awarded with rates ranging from $300.00 per hour to $375.00 per hour awarded. Claimant's Counsel and his firm's staff are believed to provide some of the highest quality available for federal black lung

representation. **This case is a prime example of the same, where representation resulted in an award.**

Claimant's Counsel's has extensive experience litigating federal black lung claims, he provides quality representation to clients, is highly qualified and knowledgeable in federal black lung claims, has litigated complex legal issues involved, and has successfully pursued this at the **at the District Director Level, the Office of Administrative Law Judge Level, the Benefits Review Board Level, and also at the United States Court of Appeals Level.**

As discussed below, Claimant's Counsel's is requesting a fee award at the high end of customary rates due to the complex nature and specialized legal and medical knowledge required to pursue federal black lung claims. Claimant's Counsel's has also experienced significantly delayed payment in this claim as he and his firm's staff have been working on it since **January 2016** and have not yet received any compensation for such services. Regarding the workers that worked on this claim, below is detailed information on each.

**Attorney Austin P. Vowels**

Claimant's Counsel, Austin P. Vowels, possesses the following qualifications:

(1) Attorney admitted in Kentucky, Missouri, the United States District Court for the Western District of Kentucky, the United States District

Court for the Eastern District of Kentucky, the United States Court of Appeals for the Sixth Circuit, and the United States Court of Appeals for the Tenth Circuit;

(2) Bachelor of Science Degree with a major in Political Science with concentration in Law and Public Policy and a minor in Economics from the University of Louisville (May 2008);

(3) Juris Doctor from Saint Louis University (May 2011);

(4) Licensed to practice law (in Kentucky) since October 2011;

(5) Studied federal black lung benefits since 2010;

(6) Practiced extensively in the field as an attorney since 2011 with a majority of practice focusing on federal black lung benefits;

(7) Experience handling federal black lung benefits claims from Kentucky, Tennessee, Virginia, Wyoming, Ohio, Florida, Illinois, Indiana, New Mexico, Arizona, and Colorado;

(8) Experience litigating federal black lung benefits claims at the District Director Level, the Administrative Law Judge Level, the Benefits Review Board Level, and the U.S. Court of Appeals Level (Sixth Circuit and Tenth Circuit); and

(9) Experience as a law firm owner since 2011, where the majority of the law practice focuses on federal black lung benefits; and

(10)  Experience as a City Commissioner since 2017 and experience as a microbrewery co-founder and co-owner since 2018.

Claimant's Counsel's customarily bills at rates between $175.00 per hour and $325.00 per hour and on percentages of contingency for various law firm services, which include a broad range of practice areas including but not limited to Family Law, Simple Estate Planning, Wrongful Death/Personal Injury, and Federal Black Lung Representation.

Claimant's Counsel is requesting $325.00 per hour for his time on this claim after a recent review of relevant sources that support this rate. The following sources support this rate:

(1) The Decision in *Short et al v. Vavistar Advance Technologies et al*, OALJ Nos. 2021-BLA 05455 and 2022-BLA-05156 (Oct. 11, 2023)[1] where attorneys representing federal black lung claimants were awarded **$325.00** per hour, **$300.00** per hour, and **$250.00** per hour[2].

(2) The Fee Decisions in *Leary v. Murray Energy Corporation et al*, OALJ 2020-BLA-05545 (Oct. 11, 2023)[3]; *Hengst v. Trans Supply, Inc. et al*,

---

1 (available at
https://www.oalj.dol.gov/DECISIONS/ALJ/BLA/2021/Short_v_Benham_Coal_Inc_2021BLA05455_(OCT_11_2023)_110211_ATDEC_PD.PDF?_ga=2.7457530.932837131.1697905570-2007232073.1664573885)
2 Attorney Wazir became licensed in 2015 and worked in black lung since 2019, according to her firm's website, available at https://aclc.org/staff/.
3 (available at

OALJ No. 2022-BLA-05541 (Oct. 11, 2023)[4]; and *Marshall County Coal Trust et al*, OALJ No. 2020-BLA-05485 (Oct. 11, 2023)[5] where attorneys representing federal black lung claimants were awarded $350.00 per hour, **$375.00** per hour, and **$300.00** per hour[6].

(3) The Fee Decisions in *Filyaw v. Cassell Electric*, OALJ No. 2023-BLA-05577 (Oct. 10, 2023)[7] and *Lusk v. Spartan Mining Company*, OALJ No. 2023-BLA-05185 (Oct. 13, 2023)[8] where attorneys representing federal black lung claimants were awarded **$350.00** per hour and **$300.00** per hour.

---

https://www.oalj.dol.gov/DECISIONS/ALJ/BLA/2020/LEARY_DAVID_C_v_MURRAY_ENERGY_CORPOR_2020BLA05545_(OCT_13_2023)_102156_ORDER_PD.PDF?_ga=2.87605712.932837131.1697905570-2007232073.1664573885)

4 (available at (available at https://www.oalj.dol.gov/DECISIONS/ALJ/BLA/2021/Short_v_Benham_Coal_Inc_2021BLA05455_(OCT_11_2023)_110211_ATDEC_PD.PDF?_ga=2.7457530.932837131.1697905570-2007232073.1664573885)

5 (available at https://www.oalj.dol.gov/DECISIONS/ALJ/BLA/2020/DIGIANDOMENICO_ALBER_v_MARSHALL_COUNTY_COAL_2020BLA05485_(OCT_11_2023)_105632_ATDEC_PD.PDF?_ga=2.108643018.932837131.1697905570-2007232073.1664573885)

6 Attorney Gribler only first interned in black lung in 2015 and became licensed in 2016, according to the decisions cited on the fee awarded to him.

7 (available at https://www.oalj.dol.gov/DECISIONS/ALJ/BLA/2023/Filyaw_v_Cassell_Electric_Inc_2023BLA05577_(OCT_10_2023)_101218_ATDEC_PD.PDF?_ga=2.12070012.932837131.1697905570-2007232073.1664573885)

8 (available at https://www.oalj.dol.gov/DECISIONS/ALJ/BLA/2023/Lusk_v_Spartan_Mining_Compa_2023BLA05185_(OCT_13_2023)_094614_ATDEC_PD.PDF?_ga=2.86427728.932837131.1697905570-2007232073.1664573885)

(4) The Fee Decision in *Coots v. Perry County Coal, LLC*, OALJ No. 2021-BLA-05430 (Oct. 12, 2023)[9] where an attorney representing a federal black lung claimant was awarded **$325.00** per hour;

(5) The USAO Attorney's Fee Matrix, available at https://www.justice.gov/file/1461316/download, showing that in 2021, attorneys in similar fee shifting scenarios should be awarded between **$333** per hour and **$665** per hour, based upon experience[10];

(6) Ronald Burdge's *2017-2018 The United States Consumer Law Attorney Fee Survey Report*, p. 95, available at https://burdgelaw.com/wp-content/uploads/2021/11/US-Consumer-Law-Attorney-Fee-Survey-Report-w-Table-of-Cases-091119.pdf, showing that in 2017 and 2018, Kentucky Attorneys in similar fee-shifting scenarios are earning **between $200.00** and **$463.00** per hour;

(7) The CPI Index, calculator for such available at https://data.bls.gov/cgi-bin/cpicalc.pl, showing the **$250.00** per hour awarded to an attorney representing a federal black lung claimant in *B&G Mining, Inc. v. Dir., OWCP*, 522 F.3d 657, 663 (6th Cir. 2008), **in April 2008, as of**

---

9 (available at https://www.oalj.dol.gov/DECISIONS/ALJ/BLA/2021/Coots_v_Perry_County_Coal_LL_2021BLA05430_(OCT_12_2023)_101116_ATDEC_PD.PDF?_ga=2.83830878.932837131.1697905570-2007232073.1664573885)

10 The Undersigned's 12 years of experience on this scale would warrant a rate of $532.00 per hour.

**September 2023** had the same buying power as **$358.19**;

(8) The CPI Index, calculator for such available at https://data.bls.gov/cgi-bin/cpicalc.pl, showing the **$250.00** per hour awarded to the Undersigned in 2017 in *Advent Mining LLC v. Davis*, 16-4049 (6th Cir. Oct. 16, 2017) (available upon request) (awarded even over the objection of the opposing party) as of September 2023 had the same buying power as **$318.71**.

For work representing claimants in federal black lung claims, the Undersigned's time has recently been awarded at the rate of $275.00 per hour in *Tapp v. Big Ridge, Inc. et al*, OALJ No. 2019-BLA-06055 (June 6, 2022) (available upon request); *Jackie D. Morse v. Island Creek Coal Company et al*, OALJ 2020-BLA-05497 (April 12, 2022) (available upon request); *Energy West Mining Company v. Bristow et al*, No. 21-9569 (10th Cir. Nov. 3, 2022) (available upon request); *Noffsinger v. Kenamerican Resources, Inc*, OALJ Nos. 2019-BLA-06002 and 2021-BLA-05750 (June 23, 2023) (available upon request) and maybe other additional claims. The Undersigned started requesting $275.00 per hour beginning in 2022 and continuing until October 2023.

However, the very recent fee orders cited above (showing the current market rate for this kind of work), coupled with staggering inflation best highlighted as explained above regarding the CPI Index and calculator, warrant an even higher

fee rate than the Undersigned had been requesting prior to October 2023 and as such, an adjustment has now been made.[11] [12] [13] [14]

---

11 Prior to 2022, the Undersigned frequently requested and was awarded $250.00 per hour for representing claimants in federal black lung claims. *See Advent Mining LLC v. Davis*, 16-4049 (6th Cir. Oct. 16, 2017) (available upon request) (awarded even over the objection of the opposing party); *Advent Mining LLC v. Davis*, 16-4049 (6th Cir. Dec. 21, 2017) (available upon request); *Goff v. Heritage Coal Company*, BRB No. 16-0011 BLA (2016) (available upon request); *Morgan v. Heritage Coal Company*, BRB No. 16-0015 BLA (available upon request) (available upon request); *Hargrove v. Island Creek Coal Company*, BRB Nos. 16-096 BLA, 16-097 BLA (2017) (available upon request); *Lloyd v. Cumberland Coal Company*, OALJ No. 2015-BLA-05218 (2017) (available upon request); *Lee v. Armstrong Coal Company*, 2014-BLA-05683 (2017) (available upon request); *Mortis v. Kenamerican Resources*, 2017-BLA-05459 (Aug. 15, 2018) (available upon request); *Baker v. Wyoming Pocahontas Land Company*, 2015-BLA-05928 (July 19, 2018) (available upon request); *Groves v. Arch on the Green, Inc.*, 2016-BLA-05538 (available upon request); and *Davis v. Advent Mining, LLC*, BRB No. 16-0025 BLA (Feb. 24, 2017) (available upon request). The rate was adjusted after hitting the 10 year mark of law practice. While an adjustment was made, it apparently was not enough to keep up with the market or inflation, which is why another adjustment is sought now.

12 The Undersigned will further note that years ago, there were also several instances in which he requested $250.00 per hour but was only awarded $225.00 per hour. *See i.e., Maddox v. Lodestar Energy, Inc.*, Supplemental Order Granting In Part Attorney Fees, OALJ No. 2016-BLA-05461 (May 12, 2017)(available upon request). The Undersigned disagrees with those decisions.

13 To be fully transparent, the Undersigned also explains that in his even earlier years of representing claimants in federal black lung claims, he often requested and was awarded as little as $200.00 per hour for his work. Greater rates have been requested (and awarded) since those days, which were years ago, as the Undersigned has gained experience and become more efficient.

14 The Undersigned would note that one ALJ recently disagreed with his assessment that he should be awarded $275.00 per hour and only awarded $250.00 per hour. As a result, this fee issue is pending before the Benefits Review Board in *Nelson v. Peabody Coal Corporation et al*, 2023-0199 BLA (PENDING) and two other claims (decided by the same ALJ). The main issue on appeal there is whether there should have been an adjustment for both experience and inflation. The ALJ

The law allows for the prevailing market rate. *B&G Mining, Inc. v. Dir., OWCP*, 522 F.3d 657, 663 (6th Cir. 2008). That takes into account both experience and inflation. When appropriate, historical rates should be adjusted for inflation so that the rate reflects either current rates or present value of historical rates. *Hardman v. Marine Terminals Corp.*, 758 F. App'x 586 (9th Cir. 2018), see also *Harman v. Marine Terminals Corp.*, BRB No. 17-0097 BLA PDF, at 4 (Oct. 18, 2017) (available at: https://www.dol.gov/sites/dolgov/files/brb/decisions/lngshore/unpublished/Oct17/17-0097.pdf). *See Modar v. Maritime Services Corp.*, 632 F. App'x 909, 49 BRBS 91(CRT) (9th Cir. 2015), vacating BRB No. 13-0319 (Jan. 17, 2014); *Christensen v. Stevedoring Services of America*, 557 F.3d 1049, 43 BRBS 6(CRT) (9th Cir. 2009); *Christensen v. Stevedoring Services of America, Inc*., 43 BRBS 145 (2009), modified in part on recon., 44 BRBS 39, recon. denied, 44 BRBS 75 (2010), aff'd mem sub nom. *Stevedoring Services of America, Inc. v. Director, OWCP*, 455 F. App'x 912 (9th Cir. 2011). There are clearly numerous cases of which permit the decision maker to approve rate increases to account for inflation. The Consumer Price Index may be used to adjust counsel's base hourly rate for the delay in payment of a fee. *Hardman,* BRB No. 17-0097. The Undersigned submitted the CPI Inflation Calculator here. An ALJ clearly has the authority to approve rate

found he could not consider inflation, but the Undersigned believes that is erroneous. As explained *supra*, the laws for adjusts for inflation.

increases to account for inflation and further, has a responsibility to do so to award the prevailing market rate.

**To even continue to be awarded fees worth the same buying power as what the Undersigned earned in 2016**[15], **the Undersigned needs to be awarded a rate of $318.72 per hour**, based upon the CPI Index Calculator available at https://data.bls.gov/cgi-bin/cpicalc.pl. (See attached calculation). While the Undersigned desires a merit increase in his rate, the one sought here only provides the slightest of ones and otherwise primarily serves to keep pay level with inflation.

"Courts may consider prior fees awards as evidence of the prevailing market rate, particularly where there are a relatively small number of comparable attorneys performing similar work." *Lance Coal Corp./Golden Oak Mining Co.,Inc. v. Caudill*, 655 Fed. Appx. 261, 262 (6th Cir. 2016). Thus, all of these citations provided above discussing federal black lung claims directly support the rate requested.

The Undersigned's requested increase of a rate to $325.00 per hour is reasonable in light of the current market based upon the fee orders cited above, inflation alone (adjusting prior rates awarded to the Undersigned), or experience

_____

15 In September 2016, in *Goff v. Heritage Coal Company*, BRB No. 16-0011 BLA (2016) (available upon request), the Undersigned's work was awarded at a rate of $250.00 per hour.

alone (adjusting prior rates awarded to the Undersigned), any of the three could justify it- and the ALJ is requested to find that all three do. An even higher rate could likely be justified. A market rate is $325.00 is reasonable. **If the Undersigned had not already agreed to rates for the purposes of the settlement claims involving Peabody, an even higher rate might be requested in this case considering the level at which this claim has reached.**

Rates of up to $425.00 per hour have been awarded in federal black lung claims. *Bobby G. Wright v. Shipyard River Coal Terminal, Co., and Director, OWCP*, OALJ No. 2016-BLA-05166 (Nov. 7, 2016) (awarding Joseph Wolfe in Norton, Virginia $425.00 per hour).

**Paralegal Desire Smith**

A paralegal assisting Claimant's Counsel on this claim was Desiré Smith. Paralegal Smith has the following qualifications:

(1) An Associate of Science in Paralegal Studies from Daymar College of Owensboro, in an American Bar Association ("ABA") approved paralegal education program, graduating *cum laude,* in addition to being on the President's List and Who's Who Among Students;

(2) Graduating with her Bachelor of Science Degree in Business on December 11, 2023 from the University of Phoenix;

(3) Experience working in administrative support roles since 2009;

(4) Ten or more years working in a law firm;

(5) Experience working with the Claimant's Counsel, extensively in Federal Black Lung Benefits since March 2019;

(6) Experience working on federal black lung claims at the District Director's Level, Administrative Law Judge Level, Benefits Review Board Level, and United States Court of Appeals levels;

(7) Experience in working on appeals with the United States Court of Appeals for the Sixth Circuit and Tenth Circuit and Kentucky Court of Appeals;

(8) Extensive experience working in federal administrative law as her legal work between 2013 and early 2019 with Woods & Woods, LLP and Tuley Law Office focused primarily on service-connected disability benefits for disabled veterans with the United States Department of Veterans Affairs and the Board of Veterans' Appeals;

(9) Experience proving cases of Clear and Unmistakable Error against the United States Department of Veterans Affairs;

(10) Experience adapting her prior firm into then then newly reformed appeals process known as the Appeals Modernization Act within the Department of Veteran's Affairs (which was a complete overhaul for the handling of appeals);

(11)   Member of National Association of Legal Assistants ("NALA") since July 2019;

(12)   Nationally Certified Paralegal. Paralegal Certification by NALA's Certified Paralegal Program which consists of passing a Knowledge Exam and a Skills Exam. (The National Commission for Certifying Agencies and ABA have recognized NALA's Certified Paralegal program for over 45 years; the ABA has acknowledged the CP as a mark of high professional achievement and excellence[16];

(13)   Appointed by NALA's President for the Continuing Education Committee ("CEC") (beginning in 2021)[17];

(14)   Ms. Smith was published by NALA's national *Facts & Findings*, an award-winning quarterly journal, for her article *I've got the Black Lung*, available at https://nala.org/black-lung/2020/;

(15)   Experience presenting a live webinar that is now available on-demand

---

16 In February 2020, the ABA amended their Guidelines for the Approval of Paralegal Education Programs by eliminating the term "legal assistant" from the definition of "paralegal" as the legal community recognized a distinction between the work done by paralegals and that of legal assistants. Ms. Smith passed the Knowledge Exam in August 2019, at a time where the pass rate was only 50% and successfully completed the Skills Examination in February 2020, becoming one of only eighteen (18) certified paralegals in the state of Kentucky.

17 . The CEC is responsible for planning the educational programs at NALA's annual conference, developing, coordinating, and facilitating continuing education programs and certification review courses, maintaining and updating NALA's publications, and producing *Facts & Findings*.

for continued education credits on the topic of federal black lung claims, available at: https://portal.nalamember.com/on-demand-webinar ODW2130; and

(16)   Ms. Smith has a standing column for *Facts & Findings* where she discusses and educates readers about decisions from the Supreme Court of the United States.

Claimant's Counsel is requesting $165.00 per hour for Paralegal Smith's work here. That is the market rate, as demonstrated by the following:

(1) The Fee Decision in *Energy West Mining Company v. Bristow et al*, No. 21-9569 (10th Cir. Nov. 3, 2022) (attached), where Paralegal Smith's work was awarded at $165.00 per hour;

(2) The Fee Decision in *Sigler v. Windsor Coal Company et al*, OALJ No. 2017-BLA-05102 (Oct. 19, 2023) (available at

https://www.oalj.dol.gov/DECISIONS/ALJ/BLA/2017/SiglerCarl_G_v_ WINDSOR_COAL_COMPANY_2017BLA05182_(OCT_19_2023)_111 440_ATDEC_PD.PDF?_ga=2.53070944.932837131.1697905570- 2007232073.1664573885) (also see

attached first page of motion to show she was awarded that amount in that fee order) where her work was awarded at a rate of $165.00 per hour;

(3) *Stephenson v. Metro Machine Corporation et al*, BRB No. 14-0425 (Nov.

3, 2015) (awarding a rate of $200.00 per hour to a paralegal)( 2015 DOLBRB LEXIS 256);

(4) NALA 2020 National Compensation & Utilization Study (attached), which shows that paralegal billing rates typically range from $71.00 per hour to more than $215.00 per hour, with the second largest percent (12%) billing more than $215.00 per hour;

(5) The USAO Attorney's Fee Matrix, available at https://www.justice.gov/file/1461316/download, showing that in 2021, Paralegals should be awarded at a rate of $180.00 per hour in similar fee shifting scenarios;

(6) The fact that the Paralegal Rate of $150.00 per hour awarded to the Undersigned Paralegals in 2017[18] now, according to the CPI Index Calculator available at https://data.bls.gov/cgi-bin/cpicalc.pl, as of September 2023, only has the same buying power as somewhere between $190.12 (based upon what $150.00 was worth in January 2017) and $187.28 (based upon what $150.00 was worth in December 2017) (see

_____

18 $150.00 per hour was awarded for the Undersigned's paralegals in in *Advent Mining LLC v. Raymond Davis,* No. 16-4049 (6th Cir. 2017) (available upon request), *Vincent v. Schoate Mining Company, LLC,* OALJ No. 2016-BLA-05600 (2017) (available upon request), *Lloyd v. Cumberland Coal Company*, OALJ No. 2015-BLA-05218 (2017) (available upon request), *Lee v. Armstrong Coal Company*, 2014-BLA-05683 (2017)( available upon request) and perhaps a number of additional claims.

attached calculations).

Previously, $150.00 per hour for Ms. Smith's work was often requested and awarded. Ms. Smith's work was awarded at $150.00 per hour in *Vincent v. Office of Workers' Compensation Programs* (Jan. 31, 2020) (available upon request); *Sutton v. Warrier Coal, LLC*, OALJ No. 2018-BLA-05025 (May 2, 2022) (available upon request), and a number of additional claims. Thus, those citations directly support that her rate is at least $150.00 per hour. [19] "Courts may consider prior fees awards as evidence of the prevailing market rate, particularly where there are a relatively small number of comparable attorneys performing similar work." *Lance Coal Corp./Golden Oak Mining Co.,Inc. v. Caudill*, 655 Fed. Appx. 261, 262 (6th Cir. 2016).

Now and in the recent past, the Undersigned is requesting a slight increase in the rate (to $165.00) due to both Ms. Smith's increased experience and inflation. Claimant's Counsel is requesting a fee award at the high end of customary rates

---

[19] There have been other decisions in which a rate of $150.00 was requested for a paralegal in which the Administrative Law Judge reduced the fee award to a rate of $100.00 or $96.00 when the Coal Company objected to the rate. *See i.e., Maddox v. Lodestar Energy, Inc.*, Supplemental Order Granting In Part Attorney Fees, OALJ No. 2016-BLA-05461 (May 12, 2017) (available upon request); *French v. Island Creek Coal Company*, Order Granting Attorney Fees, OALJ No. 2015-BLA-05157 (Jan 24, 2019) (available upon request). Further, as recently as February 2, 2021, the Benefits Review Board awarded a paralegal a rate of $125.00 per hour when the rate was disputed. *Proctor v. Sunrise Coal Company*, BRB No. 18-0593 BLA (Feb. 2, 2021)(available upon request). The Undersigned maintains that a higher rate is more appropriate for Ms. Smith's services considering her education, experience, and certification.

due to the complex nature and specialized legal and medical knowledge required to pursue federal black lung claims. Similar or even higher rates have been awarded to other paralegals at least as far back as nine years ago. *See i.e., Stephenson v. Metro Machine Corporation et al*, BRB No. 14-0425 (Nov. 3, 2015) (awarding a rate of $200.00 per hour. Ms. Smith's market rate in 2020 was repeatedly established as $150.00 per hour after just one year of working exclusively on federal black lung cases. Ms. Smith has become more efficient and knowledgeable in federal black litigation than some seasoned associates. Comparison to the awarded rates in 2020, which were typically $150.00 per hour, there is sufficient evidence cited herein to support the requested rate of $165.00 per hour.

**Legal Assistant Linda Totten**

Another Legal Assistant assisting Claimant's Counsel on this claim is Linda Totten. Ms. Lotten studied Early Childhood Education at Henderson Community College. She has 20 years of work experience including four as a Lead Patient Observation Attendant, three in food service, and fifteen as an Office Receptionist at a medical office.

Ms. Totten began working with Vowels Law PLC in March 2023 and has been an asset in assisting the Undersigned on federal black lung work. She helps with evidence summaries, client communications, expert witness communications, and Department of Labor Communications. This work is imperative to assist the

Undersigned and his associate attorneys in being able to understand the most important facts of the case with less effort.

Other paralegals and legal assistants have been awarded between $100.00 and $165.00 per hour. *Energy West Mining Company v. Bristow et al*, No. 21-9569 (10th Cir. Nov. 3, 2022) (attached); *Vincent v. Office of Workers' Compensation Programs* (Jan. 31, 2020); *Sutton v. Warrier Coal, LLC*, OALJ No. 2018-BLA-05025 (May 2, 2022); *Advent Mining LLC v. Raymond Davis,* No. 16-4049 (6th Cir. 2017); *Vincent v. Schoate Mining Company, LLC,* OALJ No. 2016-BLA-05600 (2017); *Lloyd v. Cumberland Coal Company*, OALJ No. 2015-BLA-05218 (2017); *Lee v. Armstrong Coal Company*, 2014-BLA-05683 (2017); *Mortis v. Kenamerican Resources*, 2017-BLA-05459 (Aug. 15, 2018).

Ms. Totten has great experience and is gaining more in this specific realm of law practice. Given such and the Undersigned's personal evaluation of her work, her rate should be set above the lowest end of the range for paralegals and legal assistants. However, given her fresh perspective in federal black lung and that she has not gained a significant amount of specific experience yet, the high end is not yet appropriate either. Accordingly, the Undersigned is requesting that her work be awarded at a rate of $110.00 per hour. The citations provided above support that rate for her. "Courts may consider prior fees awards as evidence of the prevailing market rate, particularly where there are a relatively small number of

comparable attorneys performing similar work." *Lance Coal Corp./Golden Oak Mining Co., Inc. v. Caudill*, 655 Fed. Appx. 261, 262 (6th Cir. 2016).

Claimant's counsel was awarded $100.00 per hour for Mrs. Agnew's work years ago in *Vincent v. Office of Workers' Compensation Programs* (Jan. 31, 2020) (attached) and *Gerald W. McIntosh v. Director, Office of Workers' Compensation Programs*, OALJ No. 2020-BLA-05051 (March 11, 2021) (attached). Ms. Totten has more experienced than Ms. Agnew did at that point in time and a similar education. Thus, that citations, especially coupled with inflationary concerns, support her fee being at least $110.00 per hour. Those decisions prove that her market rate is at least $110.00. "Courts may consider prior fees awards as evidence of the prevailing market rate, particularly where there are a relatively small number of comparable attorneys performing similar work." *Lance Coal Corp./Golden Oak Mining Co.,Inc. v. Caudill*, 655 Fed. Appx. 261, 262 (6th Cir. 2016). Her rate of $110.00 per hour should be approved.

**Services Performed**

**III.    SERVICES PERFORMED**

Claimant and Claimant's Counsel incurred the following expenses and performed the following legal services, at the dates indicated, in relation to this claim while it was pending before this body:

| | **Paralegal Desire Smith** | | |
|---|---|---|---|

| Date | Description | Time (Hours) | Charge |
|---|---|---|---|
| 6/19/2024 | Review file, preparation of letter to client for physical file pickup (.25) | 0.25 | $41.25 |
| | TOTAL | 0.25 | $41.25 |
| | | | |
| | **Legal Assistant Linda Totten** | | |
| Date | Description | Time (Hours) | Charge |
| 1/11/2024 | Conference with Mr. Rose re: status of case | 0.25 | $27.50 |
| 3/28/2024 | Conference with Mr. Rose re: status of case | 0.25 | $27.50 |
| | TOTAL | 0.5 | $55.00 |
| | | | |
| | **Attorney Austin P. Vowels** | | |
| Date | Description | Time (Hours) | Charge |
| 4/18/2023 | Review of Sixth Circuit Appeal, review file, telephone conference with Mr. Rose re: status (.5) | 0.5 | $162.50 |
| 5/18/2023 | Review file, entry letter from Stonecipher, record from BRB, filing fee confirmation (.5) | 0.5 | $162.50 |
| 5/22/2023 | Review of briefing letter from 6th Circuit, review file (.25) | 0.25 | $81.25 |
| 7/12/2023 | Reievw of order dismissing appeal from July 6th | 0.25 | $81.25 |
| 7/25/2023 | Review file, telephone conference with Mr. Rose re: status of appeal, letter to the District Director re: penalty payment (.75) | 0.75 | $243.75 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 8/3/2023 | Review of motion for extension, review file, review of order reinstating appeal (.25) | 0.25 | $81.25 |
| 9/26/2023 | Review of order / motion dismissing appeal (.25) | 0.25 | $81.25 |
| 9/27/2023 | Review of order rescinding order, order restoring to active docket, review file, research of order needed to dismiss through 6th Circuit Rules to determine how to respond (1.5) | 1.5 | $487.50 |
| 3/28/2024 | Conference with Mr. Rose, review file, preparation of memorandum on requesting penalty payment (.75) | 0.75 | $243.75 |
| 6/17/2024 | Review of order dismissing/judgment, review file (.25) | 0.25 | $81.25 |
| 6/18/2024 | Telephone conference with Mr. Rose re: status, letter to DOL re: penalty (.25) | 0.25 | $81.25 |
| | TOTAL | 5.5 | $1,787.50 |

**Conclusion**

## IV.  <u>CONCLUSION</u>

Wherefore, Claimant's Counsel, Austin P. Vowels, and Claimant, by counsel, under 20 C.F.R. sections 725.366 and 725.367, hereby move for a fee and

expense reimbursement order that compensates them for the following work and expenses:

| Summary of Charges | Hours | Charge | Agreed Upon Rates Charge |
|---|---|---|---|
| Attorney Austin P. Vowels | 5.5 | $1,787.50 | $1,650.00 |
| Paralegal Desire Smith | 0.25 | $41.25 | $36.25 |
| Legal Assistant Linda Totten | 0.5 | $55.00 | $50.00 |
| TOTAL | 6.25 | $1,883.75 | **$1,736.25** |

Respectfully,

Vowels Law PLC
126 North Main Street
P.O. Box 2082
Henderson, Kentucky 42419
Telephone: (270) 831-0805
austinvowels@vowelslaw.com

By: _/s/Austin P. Vowels_____
Austin P. Vowels

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the parties by mailing, hand delivering, or electronically filing a true and correct copy of same on this 1st day of July 2024 to the following:

Ms. Olgamaris Fernandez: fernandez.olgamaris@dol.gov
Mr. Thomas O. Shepherd, Jr.: shepherd.thomas@dol.gov
Mr. Gary K. Stearman: blls.sol@dol.gov
Mr. H. Brett Stonecipher: BStonecipher@reminger.com, kwright@reminger.com
Mr. Austin P. Vowels: austinvowels@vowelslaw.com

_/s/Austin P. Vowels_____
Austin P. Vowels

# Index of Attachments to Fee Motion

### (Additional proof is provided within weblinks throughout Motion)

Table of Contents.................................................................................................................................1

*Hayden v. Armstrong et al* Motion for Fees (Award hyperlinked in motion) --------------------------2

*Sigler v. Windsor Coal Company et al* Motion for Fees (Award hyperlinked in motion) ..................3

*Tapp v. Big Ridge Inc et al* Motion for Fees and Order...........................................................................4

*Energy West Mining Co. v. Director et al* Tenth Circuit Order..............................................................5

CPI Calculator ($250 in April 2008 has same buying power as $358.19 in Sep 2023........................6

CPI Calculator ($250 in Sep 2016 has same buying power as $318.72 in Sep 2023........................6

CPI Calculator ($150 in Dec 2017 has same buying power as $187.28 in Sep 2023........................6

CPI Calculator ($150 in Jan 2017 has same buying power as $190.12 in Sep 2023.........................6

CPI Calculator ($100 in Jan 2017 has same buying power as $126.75 in Sep 2023.........................7

CPI Calculator ($250 in De 2016 has same buying power as $318.71 in Sep 2023..........................7

CPI Calculator ($250 in Dec 2021 has same buying power as $275.99 in Sep 2023........................7

CPI Calculator ($125 in Jan 2021 has same buying power as $147.08 in Sep 2023.........................7

CPI Calculator ($150 in May 2010 has same buying power as $211.61 in Sep 2023........................8

2020 NALA National Utilization & Compensation Study.......................................................................9

| | |
|---|---|
| SHARON HAYDEN, as the Surviving Spouse of, | ) |
| And as administrator of the | ) |
| ESTATE of DOUGLAS L. HAYDEN, Deceased, | ) |
| *Claimant,* | ) |
| | ) |
| -vs- | ) |
| | ) |
| ARMSTRONG COAL COMPANY, INC., | ) OALJ NOS. 2019-BLA-06206 |
| *Employer* | ) 2019-BLA-05049 |
| | ) |
| ZURICH AMERICAN INSURANCE GROUP, | ) |
| *Carrier,* | ) |
| | ) |
| AND | ) |
| | ) |
| DIRECTOR, OFFICE OF | ) |
| WORKERS' COMPENSATION PROGRAMS | ) |

### MOTION FOR ATTORNEY'S FEES AND EXPENSES FOR WORK PERFORMED BEFORE THE ADMINISTRATIVE LAW JUDGE

Claimant's counsel, Austin P. Vowels, and Claimant, Sharon Hayden (hereinafter "Hayden"), by counsel, under 20 C.F.R. sections 725.366 and 725.367, hereby move the Administrative Law Judge for the following: **(1) an attorney fee order in the amount of $5,575.00 for 22.3 hours of legal services performed in this claim at a rate of two hundred fifty dollars ($250.00) per hour by Attorney Austin P. Vowels; (2) an attorney fee order in the amount of $1,625.00 for 6.5 hours of legal services performed in this claim at a rate of two hundred fifty dollars ($250.00) per hour by Attorney M. Alexander Russell; (3) a fee order in the amount of $1,470.00 for 9.8 hours of legal services performed in this claim at a rate of one hundred fifty dollars ($150.00) dollars per hour by Paralegal Trisha Wright; (4) a fee order in the amount of $4,515.00 for 30.1 hours of legal services performed in this**

**claim at a rate of one hundred fifty ($150.00) dollars per hour by Paralegal Desire Smith; (5) a fee order in the amount of $3,325.00 for 26.6 hours of legal services performed in this claim at a rate of one hundred twenty-five ($125.00) dollars per hour by Legal Assistant Sarah Agnew; and (6) an expenses reimbursement order in the amount of $2,419.80 for litigation expenses associated with the claim before the Administrative Law Judge. The grand total requested is $20,959.80.**

In support of this motion, Claimant's counsel states as follows:

### Relevant Law on Fees

20 C.F.R Section 725.366 allows for attorney's fees and expenses to claimants who have successfully pursued federal black lung claims. The fee should reasonably commensurate with the necessary work done and shall take into account the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of the proceeding to which the claim was raised, the level at which the representative entered to the pleading, and any other information relevant to the amount of fee requested. 20 C.F.R § 725.366(b). 20 C.F.R. section 725.367 provides that the responsible operator or fund shall be responsible for such attorney's fees and litigation expenses. Here, Claimant and Claimant's counsel are requesting that the attorney fee be ordered to be paid by the Responsible Operator or its insurer. Or, in the event that such Responsible Operator or its insurer escape liability, that the fee be paid by the Black Lung Disability Trust Fund. Attorney's fees are available from the Director/Black Lung Trust Fund in that situation under 20 C.F.R. §§ 725.366 and 725.367. Similarly, the Black Lung Deskbook indicates that if an employer meets its burden of proving insolvency, the Trust Fund assume liability for payment of benefits, including attorneys fees. *See* U.S. Department of Labor, Black Lung Deskbook, Section XI. (f), available at

U.S. DEPARTMENT OF LABOR
OFFICE OF ADMINISTRATIVE LAW JUDGES
O'NEILL FEDERAL BUILDING-ROOM 411
10 CAUSEWAY STREET
BOSTON, MASSACHUSETTS 02222
BEFORE HON. TIMOTHY MCGRATH, ADMINISTRATIVE LAW JUDGE

IN THE MATTER OF:

| | |
|---|---|
| CARL SIGLER | ) |
| *Claimant* | ) |
| | ) |
| v. | ) |
| | ) |
| WINDSOR COAL COMPANY | ) |
| *Employer* | ) **OALJ NO. 2017-BLA-05182** |
| | ) |
| and | ) |
| | ) |
| WEST VIRGINIA COAL WORKERS' | ) |
| PNEUMOCONIOSIS FUND | ) |
| *Carrier* | ) |
| | ) |
| and | ) |
| | ) |
| DIRECTOR, OFFICE OF | ) |
| WORKERS' COMPENSATION PROGRAMS | ) |
| *Party-In-Interest* | ) |

### MOTION FOR ATTORNEY'S FEES AND EXPENSES FOR WORK PERFORMED BEFORE THE ADMINISTRATIVE LAW JUDGE BY VOWELS LAW PLC

Claimant's counsel, Austin P. Vowels, and Claimant, Carl Sigler, by counsel, under 20 C.F.R. sections 725.366 and 725.367, hereby move the Administrative Law Judge for the following:

| Description | Hours | Charge |
|---|---|---|
| Services from Austin P. Vowels | 42 | $11,550.00 |
| Services from Danie Boling | 7.2 | $1,440.00 |
| Services from Trisha Wright | 35.1 | $5,791.50 |
| Services from Sarah Agnew | 0.3 | $49.50 |
| Services from Desire Smith | 19 | $3,135.00 |
| Expenses | | $1,089.86 |

1

| Total | | $23,055.86 |
|---|---|---|

**The grand total requested is $23,055.86.**

**After a prior award of fees in this claim was issued, it was appealed and subsequently vacated on appeal because the Board also vacated the award and remanded.**

In support of this motion, Claimant's counsel states as follows:

### Relevant Law on Fees

20 C.F.R Section 725.366 allows for attorney's fees and expenses to claimants who have successfully pursued federal black lung claims. The fee should be reasonably commensurate with the necessary work done and shall consider the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of the proceeding to which the claim was raised, the level at which the representative entered to the pleading, and any other information relevant to the amount of fee requested. 20 C.F.R § 725.366(b). 20 C.F.R. Section 725.367 provides that the responsible operator or fund shall be responsible for such attorney's fees and litigation expenses. Here, Claimant and Claimant's counsel are requesting that the attorney fee be ordered to be paid by the Responsible Operator or its insurer. Or, if such Responsible Operator or its insurer escape liability, that the fee be paid by the Black Lung Disability Trust Fund. Attorney's fees are available from the Director/Black Lung Trust Fund in that situation under 20 C.F.R. §§ 725.366 and 725.367. Similarly, the Black Lung Deskbook indicates that if an employer meets its burden of proving insolvency, the Trust Fund assumes liability for payment of benefits, including attorney's fees. *See* U.S. Department of Labor, Black Lung Deskbook, Section XI. (f), available at http://www.dol.gov/brb/References/reference_works/bla/bldesk/BD11~A9F.HTM.

The Sixth Circuit has explained as follows with respect to rate selection:

U.S. DEPARTMENT OF LABOR
OFFICE OF ADMINISTRATIVE LAW JUDGES
BEFORE HON. JERRY R. DeMAIO, ADMINISTRATIVE LAW JUDGE

| | |
|---|---|
| CHARLES W. TAPP | ) |
| Claimant | ) |
| -vs- | ) |
| | ) |
| BIG RIDGE INC | ) |
| Employer | ) **OALJ NO. 2019-BLA-06055** |
| | ) |
| PEABODY ENERGY CORPORATION | ) |
| Carrier | ) |
| AND | ) |
| | ) |
| DIRECTOR, OFFICE OF | ) |
| WORKERS' COMPENSATION PROGRAMS | ) |
| Party-In-Interest | ) |

### MOTION FOR ATTORNEY'S FEES AND EXPENSES FOR WORK PERFORMED BEFORE THE ADMINISTRATIVE LAW JUDGE

Claimant's counsel, Austin P. Vowels, and Charles W. Tapp (hereinafter "Claimant"), by counsel, under 20 C.F.R. sections 725.366 and 725.367, hereby move the Administrative Law Judge for the following: **(1) an attorney fee order in the amount of $8,882.50 for 32.3 hours of legal services performed in this claim at a rate of two hundred seventy-five dollars ($275.00) per hour by Attorney Austin P. Vowels; (2) an attorney fee order in the amount of $12,775.00 for 51.1 hours of legal services performed in this claim at a rate of two hundred fifty dollars ($250.00) per hour by Attorney M. Alexander Russell; (3) a fee order in the amount of $5,950.00 for 34 hours of legal services performed in this claim at a rate of one hundred seventy-five ($175.00) dollars per hour by Law Clerk Heba Qazi; (4) a fee**

1

order in the amount of $4,740.00 for 31.6 hours of legal services performed in this claim at a rate of one hundred fifty ($150.00) dollars per hour by Paralegal Desire Smith; (5) a fee order in the amount of $1,950.00 for 15.6 hours of legal services performed in this claim at a rate of one hundred twenty-five ($125.00) dollars per hour by Legal Assistant Sarah Agnew; and (6) a expense reimbursenet order in the amount of $1,687.33 for litigation expenses associated with the claim before the Administrative Law Judge. The grand total requested is $35,984.83.

In support of this motion, Claimant's counsel states as follows:

### Relevant Law on Fees

20 C.F.R Section 725.366 allows for attorney's fees and expenses to claimants who have successfully pursued federal black lung claims. The fee should reasonably commensurate with the necessary work done and shall take into account the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of the proceeding to which the claim was raised, the level at which the representative entered to the pleading, and any other information relevant to the amount of fee requested. 20 C.F.R § 725.366(b). 20 C.F.R. section 725.367 provides that the responsible operator or fund shall be responsible for such attorney's fees and litigation expenses. Here, Claimant and Claimant's counsel are requesting that the attorney fee be ordered to be paid by the Responsible Operator or its insurer. Or, in the event that such Responsible Operator or its insurer escape liability, that the fee be paid by the Black Lung Disability Trust Fund. Attorney's fees are available from the Director/Black Lung Trust Fund in that situation under 20 C.F.R. §§ 725.366 and 725.367. Similarly, the Black Lung Deskbook indicates that if an employer meets its burden of proving insolvency, the Trust Fund assume liability for payment of benefits, including attorneys fees. *See*

2

---

UNITED STATES DEPARTMENT OF LABOR
OFFICE OF ADMINISTRATIVE LAW JUDGES
BOSTON, MASSACHUSETTS

CASE NO.: 2019-BLA-06055     **Issue Date: 06 June 2022**

_____

*In the Matter of:*

CHARLES W. TAPP,
*Claimant,*

*v.*

BIG RIDGE, INC.,
*Employer,*

*and*

PEABODY ENERGY CORPORATION,
*Carrier,*

*and*

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
*Party in Interest.*

_____

### SUPPLEMENTAL ORDER GRANTING ATTORNEY FEES

This case involves a miner's claim for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901, *et seq.* (hereinafter, "the Act"), brought by Charles W. Tapp ("Claimant"). A Decision and Order Awarding Benefits was issued on March 29, 2022.

On May 2, 2022, counsel for Claimant, Austin Vowels, Esq., filed a Motion for Fees and Expenses for Work Performed Before the Office of Administrative Law Judges for services performed before this office, requesting fees and expenses of $35,984.83. Attorney Vowels documented legal services totaling $34,297.50 and identified expenses incurred in the amount of $1,687.33. Employer has not filed an objection.

I reviewed each entry individually, in keeping with the requirement that a request for attorney's fees must be "reasonably commensurate with the necessary work done." 20 C.F.R. § 702.123(a). Time spent on clerical duties is generally not compensable and should be included as part of overhead costs. *Morris v. California Stevedore Ballast Co.*, 10 BRBS 375 (1979). With

respect to the time entries, I find that they were not clerical in nature, the amounts of time spent on the tasks were not excessive, the entries were not duplicative, and they were sufficiently explained.

Upon consideration of the provisions of 20 C.F.R. § 725.366, I conclude that the fee requested is reasonable and is commensurate with the necessary work performed.

### ORDER

Accordingly, I direct Employer to pay Austin Vowels, Esq. a total of **$35,984.83** in compensation for professional services rendered to Claimant, subject to the final disposition of any appeals of the underlying decision.

**SO ORDERED.**

                            **JERRY R. DeMAIO**
                            Administrative Law Judge
Boston, Massachusetts

FILED
United States Court of Appeals
Tenth Circuit

November 3, 2022

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ENERGY WEST MINING COMPANY,

Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR; CECIL E. BRISTOW,

Respondent.

No. 21-9569
(Benefits No. 2020-0513-BLA)
(Benefits Review Board)

**ORDER**

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.

On September 27, 2022, we denied Energy West Mining Company's petition for review of a grant of benefits to Cecil E. Bristow under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. Mr. Bristow has filed a motion under 20 C.F.R. §§ 725.366 and 725.367 for attorney's fees and expenses incurred during the proceedings before this court in case numbers 18-9585 and 21-9569. Energy West did not respond to the motion. We grant the motion.

A successful claimant in a black-lung case "shall be awarded . . . a reasonable attorney's fee." 33 U.S.C. § 928(a), as incorporated by 30 U.S.C. § 932(a). A fee award

"shall be reasonably commensurate with the necessary work done." § 725.366(b). In determining the award, the court

shall take into account the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of fee requested.

*Id.*

Mr. Bristow seeks a total award of $22,462.38. This amount includes:

- $13,502.50 for 49.1 hours of legal services performed by Attorney Austin P. Vowels at a rate of $275.00 per hour;

- $6,300.00 for 28.0 hours of legal services performed by Attorney Lindsey Zielinski at a rate of $225.00 per hour;

- $2,277.00 for 13.8 hours of legal services performed by Paralegal Desiré Smith at a rate of $165.00 per hour;

- $132.00 for 0.8 hours of legal services performed by Legal Assistant Sarah Agnew at a rate of $165.00 per hour; and

- $250.88 for expense reimbursement.

Having considered the motion, the supporting documents, and the factors set forth in § 725.366(b), we conclude the requested amount is reasonable. Accordingly, we grant the motion and order Energy West to pay the fee award of $22,462.38.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

# CPI Inflation Calculator



$ 250.00

in April 2008

has the same buying power as

$358.19

in September 2023

Calculate

# CPI Inflation Calculator



$ 250.00

in September 2016

has the same buying power as

$318.72

in September 2023

Calculate

# CPI Inflation Calculator



$ 150.00

in December 2017

has the same buying power as

$187.28

in September 2023

Calculate

# CPI Inflation Calculator

$ 150.00

in January 2017

has the same buying power as

$190.12

in September 2023

Calculate

# CPI Inflation Calculator

$ [ 100.00 ]

in [ January ▾ ] [ 2017 ▾ ]

has the same buying power as

[ $126.75 ]

in [ September ▾ ] [ 2023 ▾ ]

[ Calculate ]

# CPI Inflation Calculator

$ [ 250.00 ]

in [ December ▾ ] [ 2016 ▾ ]

has the same buying power as

[ $318.71 ]

in [ September ▾ ] [ 2023 ▾ ]

[ Calculate ]

# CPI Inflation Calculator

$ [ 250.00 ]

in [ December ▾ ] [ 2021 ▾ ]

has the same buying power as

[ $275.99 ]

in [ September ▾ ] [ 2023 ▾ ]

[ Calculate ]

# CPI Inflation Calculator

$ [ 125.00 ]

in [ January ▾ ] [ 2021 ▾ ]

has the same buying power as

[ $147.08 ]

in [ September ▾ ] [ 2023 ▾ ]

[ Calculate ]

# CPI Inflation Calculator

$ 150.00

in  May ▾  2010 ▾

has the same buying power as

$211.61

in  September ▾  2023 ▾

Calculate

# UTILIZATION & COMPENSATION SURVEY
## REPORT OVERVIEW

Since 1986, NALA has conducted research at a national level to better gain insights on the educational backgrounds, work environments, duties & responsibilities, and compensation levels of paralegals, which has been invaluable for those in this profession. The current report represents various topics (as noted above) from the data collected in 2020, along with trends where appropriate. Employment compensation and benefits reflect 2019 data. This study was conducted to better understand the educational backgrounds, work environments, duties and responsibilities, billing, and compensation levels of paralegals. The research provided is invaluable to those working in the paralegal profession as it provides several years of market research data for compare-and-contrast purposes.

### METHODOLOGY

NALA partnered with a third-party company, Data Point Consulting LLC, to administer, collect, and analyze the results. **The survey was successfully sent to 6,219 NALA members**, with an additional pool of approximately 5,000 non-members, in July of 2020 and was open for three weeks. Reminders were sent out to increase the response rate while the survey was active. This study has been conducted every two years since 1986. Individual response over the last 10 years is as follows: 1,607 in 2020; 1,112 in 2018; 1,226 in 2016; 1,069 in 2014; 1,330 in 2012; and 1,451 in 2010. **The overall 2020 member response rate was 14%.** Although there is no standard response rate across research, the higher the response rate, the better.

### PARALEGAL PROFESSION – EXPECTED GROWTH

According to the Bureau of Labor Statistics, the paralegal profession made up, on average, 336,669 jobs in 2020 with these professionals earning, on average, $51.73/hr. The median hourly wage of paralegals and legal assistants in the United States is $24.67 per hour. By 2025, the number of paralegals is expected to grow by 6.7% to 359,193 jobs. Most jobs are found in the legal services industry—capturing 72.6% of employment—with the next two most popular industries comprising of 4.4% employment in federal government, civilian and 4.4% in local government, excluding education and hospitals. Roughly 85% of paralegals in the United States are female. Overall, the paralegal profession's job outlook is projected to increase much faster than the average job sector. Given the number of 2020 survey respondents (n = 1,607), this study provides a generalization of the paralegal profession.

### DEMOGRAPHICS OF RESPONDENTS

Consistent across this study, the majority of respondents were female (94%), a NALA member of 10 years (73%), and about 50 years old. Approximately 70% of respondents indicated that they were a Certified Paralegal. 8% of them have their CLAS, and 32% of them obtained NALA's ACP credential. Almost half of respondents indicated that they have a certificate from a paralegal program (45%). The majority of respondents were from the southeast region of the U.S. (33%), while 22% were from the southwest.

Given the number of individuals that responded and the comparable demographic makeup of survey respondents who were members of NALA, the survey sample is representative of NALA's paralegal population. This study is specifically for market research purposes and not intended to price his on the open market.

The report is broken down into various components assessing overall demographics, employment and responsibilities, compensation and billing rates, and employee/family benefits. New in 2020, participants were asked to focus primarily on 2019 information when it came to compensation and billing rates, given the uncertain economic times 2020 has brought due to the unprecedented COVID-19 pandemic.

### Region



- Southeast: 33%
- Southwest: 22%
- Far West: 16%
- Plains States: 12%
- Rocky Mountains: 7%
- Great Lakes: 5%
- New England/Mid East: 7%

Copyright © 2020





2020 NATIONAL UTILIZATION & COMPENSATION STUDY

PREPARED BY

DATA POINT CONSULTING LLC

NALA
THE PARALEGAL ASSOCIATION

# COMPENSATION AND BILLING RATES - 2020 RESULTS

2020 Average hours per week (billable & non-billable): 40 hours
2020 Average billable hours per week: 29 hours
2020 Average billing rate per hour: $149

FIGURE 27

## Primary Compensation

■ Hourly ■ Salary



48%
52%

FIGURE 28

## Hourly Billing Rates by Region



*Red indicates average $ of 2020, 2018, 2016, 2014, 2012, & 2010 for each region

FIGURE 29

## Hourly Billing Rates by Size of Firm



*Red indicates average $ of 2020, 2018, 2016, 2014, 2012, & 2010 for size of firm; 2020, 2018 & 2016 were only assessed for firms between 21 - 30 attorneys

FIGURE 30

## Hourly Billing Rates by Total Years Legal Experience



*Red indicates average $ of 2020, 2018, 2016, and 2014 for Total Years of Legal Experience

TABLE 3

| Billing Rate Ranges | 2010 | 2012 | 2014 | 2016 | 2018 | 2020 |
|---|---|---|---|---|---|---|
| Less than $30 | 2% | 2% | 2% | 2% | 0% | 1% |
| $31 to 35 | 1% | 1% | 0% | 1% | 0% | 0% |
| $36 to 40 | 0% | 0% | 1% | 0% | 0% | 0% |
| $40 to 45 | 1% | 0% | 0% | 0% | 0% | 0% |
| $46 to 50 | 2% | 1% | 0% | 1% | 0% | 0% |
| $51 to 55 | 1% | 1% | 0% | 0% | 0% | 0% |
| $56 to 60 | 1% | 1% | 1% | 0% | 0% | 0% |
| $61 to 65 | 4% | 1% | 1% | 1% | 1% | 0% |
| $66 to 70 | 2% | 2% | 2% | 1% | 1% | 1% |
| $71 to 75 | 9% | 9% | 6% | 5% | 4% | 5% |
| $76 to 80 | 2% | 3% | 3% | 3% | 2% | 1% |
| $81 to 85 | 4% | 4% | 3% | 3% | 2% | 2% |
| $86 to 90 | 6% | 7% | 4% | 5% | 4% | 3% |
| $91 to 95 | 5% | 4% | 4% | 4% | 3% | 3% |
| $96 to 100 | 10% | 10% | 11% | 11% | 7% | 8% |
| $101 to 105 | 1% | 1% | 0% | 1% | 0% | 2% |
| $106 to 110 | 4% | 3% | 5% | 3% | 5% | 2% |
| $111 to 115 | 1% | 1% | 2% | 1% | 1% | 2% |
| $116 to 120 | 1% | 1% | 2% | 2% | 2% | 2% |
| $121 to 125 | 9% | 11% | 9% | 12% | 11% | 9% |
| $126 to 130 | 2% | 2% | 2% | 2% | 2% | 1% |
| $131 to 135 | 3% | 3% | 3% | 4% | 2% | 3% |
| $136 to 140 | 3% | 3% | 2% | 2% | 3% | 2% |
| $141 to 145 | 0% | 0% | 2% | 2% | 2% | 2% |
| $146 to 150 | 2% | 2% | 8% | 8% | 13% | 14% |
| $151 to 155 | 1% | 7% | 1% | 1% | 1% | 1% |
| $156 to 160 | 1% | 1% | 1% | 2% | 2% | 2% |
| $161 to 165 | 1% | 1% | 2% | 2% | 1% | 2% |
| $166 to 170 | 1% | 1% | 0% | 1% | 1% | 1% |
| $171 to 175 | 2% | 1% | 4% | 3% | 6% | 5% |
| $176 to 180 | 1% | 4% | 2% | 1% | 2% | 1% |
| $181 to 185 | 1% | 12% | 2% | 1% | 3% | 4% |
| $186 to 190 | 1% | 7% | 1% | 0% | 1% | 2% |
| $191 to 195 | 1% | 10% | 1% | 3% | 2% | 2% |
| $196 to 200 | 1% | 10% | 2% | 2% | 3% | 3% |
| $201 to 205 | 0% | 1% | 0% | 0% | 1% | 1% |
| $206 to 210 | 0% | 4% | 1% | 1% | 0% | 2% |
| $211 to 215 | 1% | 3% | 1% | 0% | 1% | 1% |
| More than $215 | - | - | - | 8% | 12% | 12% |

FIGURE 31

## Hourly Billing Rates by Type of Paralegal Program



*Average rate; 2016 Master's degree in paralegal program was excluded due to insufficient number of responses; red indicates average $ of 2018 and 2016 for type of paralegal program